UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NGOZI E. BOLIN,

                Plaintiff,                 **ORDER**

     - v -

                                            CV-06-6607 (DLI)(VVP)

DELTA AIR LINES, INC., et al.,

                Defendants.
-----------------------------------------------------------------x

       The plaintiff has moved by letter for an order precluding the defendants "from offering in its defense in this case any document now in its possession not disclosed or described in its Rule 26(a)(1)(B) Initial Disclosures." The plaintiff fails, however, to identify any deficiencies in the disclosures made by the defendant.[1] Moreover, since the defendants have a continuing duty to supplement initial disclosures, Fed. R. Civ. P. 26(e)(1), which of course implies that they must have the opportunity to do so, any order precluding the defendants from using information and documents hereafter disclosed would be entirely unwarranted. Of course, if the defendants seek to use information during discovery or at trial which should have been disclosed in their initial disclosures or in response to discovery requests, appropriate remedies including preclusion may be fashioned to prevent injustice. The plaintiff's motion is utterly devoid of any justification for any remedies at this point. Accordingly, it is DENIED.

                                                     **SO ORDERED:**

                                                     *Viktor V. Pohorelsky*

                                                   VIKTOR V. POHORELSKY
                                                   United States Magistrate Judge

Dated:   Brooklyn, New York
           April 11, 2007

---

[1] The court notes that both parties filed their initial disclosures with the court. Counsel are directed to review Rule 5(d) which specifically prohibits the filing of initial disclosures and other discovery requests and responses.