UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NGOZI E. BOLIN,

                    Plaintiff,

          - v -

DELTA AIR LINES, INC., et al.,

                    Defendants.
------------------------------------------------------------------x

**ORDER**

CV-06-6607 (DLI)(VVP)

        By letter dated July 20, 2007, the plaintiff seeks an order compelling the defendants to produce disputed items of discovery. The defendants have replied by letter dated July 27, 2007. The court's rulings on the disputed items are set forth below.

        *Document Requests 2 and 4*: The objection that document request 2 is vague and overbroad is sustained as it is not limited as to time and author and thus potentially encompasses numerous documents protected by privileges. In any event, it appears that the relevant, non-privileged documents possessed by the defendants which are responsive to this request – namely communications to the Department of Transportation and the "To whom it may concern" memoranda prepared by non-revenue agents at the time of the events in question – have already been disclosed. As to document request 4, the defendants' explanation of the genesis of the word "investigation" as used in the paragraph to which the request refers satisfies the court that the only documents responsive to the request are documents that qualify for protection under applicable privileges, and which the court would not require counsel to separately list on a privilege log.

        *Document Requests 6, 7, and 8*: The defendants shall produce those portions of the in-flight manual concerning procedures for handling in-flight claims of discrimination. The other documents requested by the plaintiff concerning policies, procedures and training with respect to discrimination in general are not reasonably calculated to lead to evidence admissible at trial as this action is not about whether the defendants followed policies and procedures or provided adequate training for doing so.

        *Document Request 15*: As this request seeks the identities of persons who are likely to have witnessed some or all of the events about which the plaintiff complains, the defendant Delta

Air Lines, Inc. shall supply the names and addresses of the passengers in the First Class Cabin and their seat assignments. The defendant Delta is entitled to notify each of the passengers that production of the information was compelled by court order at the plaintiff's request. The information supplied to the plaintiff pursuant to this ruling is hereby made subject to the Stipulation and Consent for a Protective Confidentiality Order (see below).

*Document Request 20*: As the defendants have agreed to produce the file subject to the Stipulation and Consent for a Protective Confidentiality Order submitted by the defendants with their July 27, 2007 letter, and which the court is endorsing by separate electronic order, no ruling concerning this request is necessary.

*Privileged Documents 3 and 4*: the defendants have made a sufficient showing that these documents qualify for protection under the work product doctrine as defined in Rule 26(b)(3) of the Federal Rules of Civil Procedure. That the documents were not requested by, or addressed to, an attorney is irrelevant. The rule requires only that they be "prepared in anticipation of litigation or for trial *by or for another party*." Fed. R. Civ. P. 26(b)(3) (emphasis added). A document is considered to have been prepared "in anticipation of litigation" if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) (emphasis in original), *quoting* 8 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2024 at 343 (2d ed.1994). Both documents were prepared by employees of the defendant Delta *after* the commencement of this action, refer to the subject matter of the lawsuit, and can therefore fairly be said to have been prepared or obtained by Delta because of this litigation. Accordingly, they need not be produced.

Production of all documents and information required above shall be made within ten days.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
August 2, 2007