UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NGOZI E. BOLIN,

                      Plaintiff,

      - v -

DELTA AIR LINES, INC., et al.,

                      Defendants.
------------------------------------------------------------------x

**ORDER**

CV-06-6607 (DLI)(VVP)

      Following the filing of the so-ordered stipulation dismissing this action, a tempest has arisen concerning the return of certain documents produced by the defendants during discovery. The documents in dispute are the personnel records of the individual defendant, Jerana Nelms. The court has reviewed the Protective Confidentiality Order endorsed by the court, and finds that it applies to those records. As paragraph 10 of the Order requires the return of all documents subject to the order, which includes copies of any personnel records in whatever form they may exist, the plaintiff is required to return all such documents. The plaintiff has returned paper copies of the records as requested by the defendants, and avers that she "will not retain a copy of any document designated confidential on CD." E-mail from BolinBoone to bmorrissey@ggfc-law.com, 4/7/2008, 12:03:55 p.m. It appears, however, that the defendants may not have specifically designated Nelms' personnel records as "confidential." To avoid any confusion about the plaintiff's obligation in this regard, the court considers those records to be confidential and subject to the protective order whether or not precisely designated as such. Thus the plaintiff is required to return or destroy all copies of those records in her possession, custody or control in whatever form they may exist, including electronic form. To avoid any further litigation concerning this issue, the plaintiff's counsel shall confirm, either in writing or by e-mail, that all copies of Nelms' personnel records have been returned or destroyed within ten days of this order.

      The defendants have requested a hearing with the court to discuss appropriate sanctions for what they contend is a pattern of abuse of process by the plaintiff, and the plaintiff similarly seeks sanctions for the time spent by her attorney dealing with the above "confidential documents" issue. Both applications are denied. It appears that the only basis for sanctions at

this point would fall under 28 U.S.C. § 1927 or the court's inherent power. *See generally Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Any such motions will require a formal motion process, as the imposition of sanctions would require a detailed factual record and potentially evidentiary hearings as well before the court would be satisfied that the high bar for imposing any sanctions under those authorities has been cleared. The parties of course may make any motions they deem in good faith to be advisable, but given that this litigation has now concluded, it would be the court's suggestion that the parties could use their energies more profitably in other endeavors.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
April 9, 2008